1  KEVIN V. RYAN (CSBN 118321)
   United States Attorney
2
   MARK L. KROTOSKI (CABN 138549)
3  Chief, Criminal Division

4  KIRSTIN M. AULT (CABN 206052)
   450 Golden Gate Ave., Box 36055
5  San Francisco, California 94102
   Telephone: (415) 271-3059
6  Facsimile: (415) 436-7234
   kirstin.ault@usdoj.gov
7  Assistant United States Attorney

8  Attorneys for Plaintiff

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                    OAKLAND DIVISION

12 | UNITED STATES OF AMERICA,        ) No. CR 03-40210 SBA
                                      )
13 |     Plaintiff,                   )
                                      ) **UNITED STATES' STATUS CONFERENCE**
14 | v.                               ) **STATEMENT**
                                      )
15 | MOHAMMAD YOUSUF CHAUDHRY,        ) Pretrial:    March 6, 2007
   | and                              ) Trial Date:  March 12, 2007
16 | ALI H. KHAN,                     ) Time:        8:30 a.m.
                                      ) Court:       Courtroom No. 3
17 |                                  )              Hon. S. Brown Armstrong
   |     Defendants.                  )
18 |_____)

19

20      The United States hereby submits the following status conference statement in this

21 matter. The United States believes that counsel for defendant Chaudhry has requested this

22 hearing to inform the Court that he will be unable to represent defendant Chaudhry at a trial that

23 is set to begin on March 12, 2007. Because trial in this case has already been continued

24 repeatedly to accommodate defense counsel's conflict with two other trials set in this district, the

25 United States opposes any further continuance of the trial in this case.

26                              **BACKGROUND**

27      Defendant Chaudhry was initially charged in 2002 with copyright-related offenses. Those

28 charges were dismissed in favor of the current indictment, which was returned on October 23,

2003. The present indictment charges defendant Chaudhry with subscribing to false tax returns for the years 1999 through 2001, and charges both defendants with structuring transactions that occurred during this same time period. Thus, the conduct at issue in this case occurred over five years ago.

On November 30, 2004, an initial trial date was set for May 16, 2005. That trial date has now been continued four times, with at least three of the continuances arising out of conflicts with trials set in *United States v. Quan*, CR 04-00323 WBS, and *United States v. Video Networks Communications*, CR 05-00208 CRB. Counsel for defendant Chaudhry represents one of the lead defendants in both of these cases and represents the lead defendant in this case. The conflicts arose either with the trial dates themselves or with defense counsel's need for sufficient time to prepare in between the end of one trial and the beginning of the next. The *Quan* and *Video Networks* trials are complex, multi-defendant matters that are expected to take two to three months to try. The following table sets forth the history of the overlapping trial dates in these cases.

| Date | Case | Action | Trial Date |
|---|---|---|---|
| 11/30/04 | Chaudhry<br>Quan<br>Video Networks | trial set<br>trial not yet set<br>case not yet indicted | 5/15/05 |
| 3/30/05 | Chaudhry<br>Quan<br>Video Networks | trial continued<br>trial not yet set<br>case not yet indicted | 10/24/05 |
| 5/25/05 | Chaudhry<br>Quan<br>Video Networks | trial remains set<br>trial not yet set<br>trial set | 10/24/05<br><br>1/17/05 |
| 10/25/05 | Chaudhry<br>Quan<br>Video Networks | trial continued<br>trial not yet set<br>trial remains set | 4/24/06<br><br>1/17/06 |
| 11/1/05 | Chaudhry<br>Quan<br>Video Networks | trial remains set<br>trail set<br>trial remains set | 4/24/06<br>6/5/06<br>1/17/06 |
| 12/14/05 | Chaudhry<br>Quan<br>Video Networks | trial remains set<br>trial remains set<br>trial continued | 4/24/06<br>6/5/06<br>6/5/06 |
| 2/17/06 | Chaudhry<br>Quan<br>Video Networks | trial remains set<br>trial continued<br>trial remains set | 4/24/06<br>10/2/06<br>6/5/06 |

| Date | Case | Action | Trial Date |
|---|---|---|---|
| 3/13/06 | Chaudhry<br>Quan<br>Video Networks | trial continued<br>trial remains set<br>trial remains set | 9/11/06<br>10/2/06<br>6/5/06 |
| 3/29/06 | Chaudhry<br>Quan<br>Video Networks | trial remains set<br>trial remains set<br>trial continued | 9/11/06<br>10/2/06<br>1/8/07 |
| 8/23/06 | Chaudhry<br>Quan<br>Video Networks | trial continued<br>trial remains set<br>trial remains set | 3/12/07<br>10/2/06<br>1/8/07 |
| 9/19/06 | Chaudhry<br>Quan<br>Video Networks | trial remains set<br>trial continued<br>trial remains set | 3/12/07<br>1/16/07<br>1/8/07 |
| 12/8/06 | Chaudhry<br>Quan<br>Video Networks | trial remains set<br>trial remains set<br>trial continued | 3/12/07<br>1/16/07<br>4/2/07 |

As this chart demonstrates, the three trials have been "leapfrogging" over each other for over a year. Since November of 2005, the three cases have not been set such that defendant Chaudhry's counsel could participate effectively in all three cases. For example, on November 5, 2005, the Video Networks case (anticipated to last two to three months) was set for trial in mid-January; trial in this case (anticipated to last three weeks) was set to begin three months later in April; and trial in the *Quan* case (anticipated to last two to three months) was set to begin five weeks later. With this back-to-back trial schedule, defense counsel was left with little to no time to prepare in between cases. On December 14, 2005, the *Quan* and *Video Networks* trials were set on the same day, only two weeks after the trial in this matter was anticipated to conclude. On March 13, 2006, the trial in this case was continued to September 11, 2006 – a date only one week after the *Video Networks* trial was anticipated to conclude and three weeks before the *Quan* trial was set to begin, leaving defense counsel with no time to prepare for that case. On August 23, 2006, the trial in this matter was continued to the present date of March 12, 2007, to accommodate the conflict with the *Quan* trial. However, the *Quan* trial did not go forward but instead was rescheduled to January 16, 2007, a date that put it in direct conflict with the March 12, 2007 trial date in this matter and the January 8, 2007 trial date in *Video Networks*. The three trials are now set such that the *Quan* trial overlaps the trials in both this case and the *Video*

U.S. STATUS CONFERENCE STMT.
CR 03-40210 SBA

1  *Networks* matter.

## DISCUSSION

This Court has made every effort to insure that defendant Chaudhry may be effectively represented at trial. It has repeatedly continued the trial date to accommodate defense counsel's conflicting trial schedule and has given defense counsel over two years to prepare an effective defense. The Supreme Court has recognized that the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, was designed not just to benefit defendants, but also to serve the interests of the public in prompt dispositions of criminal matters. *Zender v. United States*, 126 S. Ct. 1976, 1985-86 (2006) (citing the Act's legislative history which referred to "the debilitating effect[s] of court delay upon our criminal justice system"). Any further delay in this trial would undermine those interests.

In addition to prejudicing the public's right to prompt resolution of criminal matters, delaying this matter again will severely inconvenience the government and, more importantly, the witnesses it intends to call at trial. After each of the previous continuances, the United States contacted witnesses from around the country to explain the change of schedule and directed them to adjust their schedules. The last continuance was granted only two and a half weeks before trial, after the United States had made its pretrial filings and after the United States' witnesses had made plans to testify at trial beginning the week of September 11, 2006. After the last continuance was granted, those witnesses were asked to arrange their future plans and commitments to allow them to testify in March of 2007. The additional proposed delay would force yet another round of witness contacts and yet another disruption to those witnesses' lives, commitments, and future plans. The Ninth Circuit has consistently held that such severe inconvenience is a legitimate basis for denying continuance requests. *See United States v. Robinson*, 967 F.2d 287, 291 (9th Cir. 1992) (any delay beyond two continuances totaling almost one year was unwarranted, as "any further delay would have inconvenienced the court, the government, and the government's thirteen witnesses"); *United States v. Shirley*, 884 F.2d 1130, 1135 (9th Cir. 1989) ("A continuance would have resulted in inconvenience to the government which planned to call over 70 witnesses . . . ."); *United States v. Pope*, 841 F.2d 954, 957 (9th

1  Cir. 1988) (noting the inconvenience of a requested continuance when witnesses were to appear
2  from out-of-state).
3       Finally, the United States does not believe that another extension will resolve the matter.
4  As the cases are presently set, the *Video Networks* case cannot be tried on the scheduled date of
5  April 2, 2007, if the *Quan* case proceeds, as presently set, on January 16, 2007, and lasts the
6  anticipated three months. Therefore, another continuance of the trial date in *Video Networks* will
7  undoubtedly be necessary. Because Judge Breyer has indicated his desire to proceed as
8  expeditiously as possible in that matter, it is likely that whatever date is set for that lengthy trial
9  will conflict with any date set in this case. The United States believes that the time has come to
10 avoid further continuances. If holding to the March 2007 trial date creates scheduling conflicts,
11 defense counsel should resolve those conflicts absent a continuance in this case.

13 DATED: 12/18/2006            Respectfully Submitted,

                                KEVIN V. RYAN
                                United States Attorney

                                _____
                                KIRSTIN M. AULT
                                Assistant United States Attorney

U.S. STATUS CONFERENCE STMT.
CR 03-40210 SBA

CERTIFICATE OF SERVICE
United States v. Mohammad Yousuf Chaudhry, and Ali H. Khan
CR-03-40210 SBA

I, __Adrienne Link__, declare that I am a citizen of the United States, over the age of 18 years and not a party to the within action.

I hereby certify that a copy of the foregoing:

1. **United States' Status Conference Statement**

was served today ____by hand; __X__by facsimile; ____by Federal Express; __X__by first class mail by placing a true copy of each such document in a sealed envelope with postage thereon fully paid, either in a U.S. Mail mailbox or in the designated area for outgoing U.S. Mail in accordance with the normal practice of the United States Attorney's Office; ____by placing in the Public Defender's pickup box located in the Court Clerk's Office.

| | |
|---|---|
| Seth P. Chazin | Erik Babcock |
| Attorney at Law | Attorney at Law |
| 1164 Solano Ave., #205 | 1212 Broadway, #726 |
| Albany, CA 94706 | Oakland, CA 94612 |
| (510) 525-0087 | (510) 452-8405 |

I declare under penalty of perjury that the foregoing is true and correct, and that this certificate was executed at Oakland, California.

DATED: December 18, 2006

_[signature]_
ADRIENNE A. LINK
Legal Assistant
United States Attorney's Office