SETH P. CHAZIN (CSBN 133777)
Attorney at Law
1164 Solano Avenue, Suite 205
Albany, CA 94706
Telephone: (510) 507-8100
Facsimile: (510) 525-0087
Attorney for Ali Khan

# IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR03-40210 SBA |
| Plaintiff, | **DEFENDANT KHAN'S TRIAL MEMORANDUM** |
| vs. | |
| MOHAMMED YOUSEF CHAUDHRY AND ALI H. KAHN | Date: September 11, 2007 |
| | Time: 11:00 A.M. |
| Defendants. | The Honorable Judge Saundra Brown Armstrong |

Defendant Ali H. Kahn hereby submits the following trial memorandum in accordance with the court's standing order.

**Statement of Facts**

On April 28, 2002, Ali Hassan Kahn was placed under arrest without incident pursuant to an arrest

warrant at his place of employment, 1673 Rogers Avenue in San Jose, California. In the first superceding indictment, Mr. Khan has been charged with violation of 18 U.S.C. § 371 (Conspiracy) and violation of 31 U.S.C. § 5324 (Structuring Transactions to Evade Reporting Requirements) in connection with his employment at RT Computers and Alternative Energy Systems.

After his arrest, Mr. Kahn advised the agents that he understood his rights and freely waived his rights by executing an Advice of Rights form. Mr. Khan voluntarily provided information about his employment and duties. He informed the agents that he held the position of "clerk." Mr. Khan reported directly to Mohammad Yousef Chaudhry, the owner of the two companies. Mr. Chaudhry hired Mr. Khan approximately two years prior to the date of the arrest. Mr. Khan's responsibilities included answering the phone, delivering goods, taking messages, dealing with individuals who came into the office, and periodically cashing checks or making deposits for Mr. Chaudhry. After cashing the checks, Mr. Khan always gave the cash back to Chaudhry or to whomever Chaudhry indicated should receive the proceeds of the check. To date, no evidence has been provided to the defendant to indicate that Mr. Kahn profited in any way from the alleged offenses charged in the indictment.

Furthermore, no evidence has been revealed which indicates that any witnesses will testify that they had personal knowledge that the defendant assisted in or conspired with Mr. Chaudhry to violate the provisions of 31 U.S.C. § 5324.

### A. STATUS

The government has stated that it expects the trial to last approximately two weeks. However, if the government is successful in it's bid to admit the broad areas of F.R.E. 404 (b) evidence that it recently notified counsel it intends to offer at trial, Defendant Khan believes that the trial is likely to take much longer than the government's two week estimate.

### CHARGES

Mr. Khan is charged with multiple counts of structuring financial transactions to avoid reporting requirements (31 U.S.C. § 5324(a)(3)) and with conspiracy to accomplish the same.

### ANTICIPATED EVIDENCE

Mr. Khan anticipates that the government will call as witnesses cooperating witnesses including former co-defendants Sheila Wu and Radu Tomescu, civilian witnesses pertaining to the issuance and negotiation of checks and other business dealings and government witnesses who will testify as to currency reporting obligations and related areas. The government has provided notice of extensive F.R.E. 404 (b) evidence that it may seek to introduce. Defendant Khan has filed objects to the introduction of much of this evidence. Furthermore, Defendant Khan believes that there are good grounds for granting a severance of the defendants' trials. These issues have been addressed through

Defendant Khan's motions in limine.

### C. DISCOVERY

AUSA Ault has previously indicated that additional discovery would be forthcoming. To date, while some additional discovery has just recently been received, defendant believes that additional discovery may be forthcoming, including grand jury and trial transcripts. Defendant Khan has requested that the government provide any further discovery at it's earliest opportunity to avoid the need to request a delay in these proceedings.

### D. STIPULATIONS

Defendant Khan believes that stipulations are likely as there are voluminous business records that are likely to be introduced by the government. The defendant will continue to work with counsel in an effort to reach stipulations where at all possible.

### E. DEFENSE WITNESSES

Defendant Khan is not in a position to provide a list of witnesses at this time because 1) the defense investigation is still continuing, 2) further discovery is still outstanding, 3) it is not known how the government's evidence will come in, and 4) defense counsel has not yet decided what, if any, witnesses will be called to testify in Mr. Kahn's behalf. Furthermore, Defendant Khan submits that his Fifth and Sixth Amendment right to a fair trial, due process of law and effective assistance of counsel supports

his ability to refrain from declaring such strategic decisions until the government has presented its case in chief. See <u>Jones v. Mabry</u>, 476 F. Supp. 311, 313 fn 2 (ED Ark. 1979) affd without op. 620 F.2d 307 (8th Cir. 1980). The defendant will inform the court at his earliest opportunity once he is able to make final determinations as to what, if any, defense witnesses will be called.

**G. JURY INSTRUCTIONS**

The government and defense counsel have met and conferred and Defendant Khan has submitted a Notice of Objections as to the few jury instructions to which Defendant Khan has an objection.

**Dated: August 20, 2007.**          **Respectfully submitted,**

_____/_____
**SETH P. CHAZIN**
**Attorney for ALI KHAN**

5

| SHORT TITLE: UNITED STATES VS. CHAUDHRY AND KAHN | CASE NUMBER: CR-03-40210-SBA |
|---|---|

**PROOF OF SERVICE**

1. I served the attached [ x ] TRIAL MEMORANDUM [ ] Subpoena Duces Tecum by FAXING a copy of the opposition to notice of related case to the following person:

    a. Persons served (name): KIRSTEN AULT (415) 436-7234
              ERIK BABCOCK (510) 452-8405
    b. Address where served:

    c. Date of delivery: 8/20//07
    d. Time of delivery:

2. I received this subpoena for service on (date):

3. [ ] **NON-SERVICE RETURN OF SUBPOENA**
    a. [ ]   After due search, careful inquiry, and diligent attempts at the dwelling house or usual place or abode or usual place of business. I have been unable to make personal delivery of this [ ] Subpoena [ ] Subpoena Duces Tecum on the county on the following persons (specify):

    b. Reason:

    (1) [ ] Unknown at address:            (4) [ ]   Out-of-county address.
    (2) [ ] Moved, forwarding address unknown.   (5) [ ]   Unable to serve by hearing date.
    (3) [ ] No such address.               (6) [ ]   Other reasons (explanation required):

4. Person serving:
    a. [ X ] Not a registered California process server.        e  [ ]   Exempt from registration under
    b. [ ] California sheriff, marshal, or constable.                    Bus. & Prof. Code section 22350(b).
    c. [ ] Registered California process server.             f.  Name, address, and telephone number and, if
    d. [ ] Employee or independent contractor of a                applicable, county of registration and number:
          registered California process server.

I **declare** under penalty of perjury under the laws of the State        (For California sheriff, marshall, or constable use only)
of California that the foregoing is true and correct                     I certify that the foregoing is true and correct:

Date: 8/20//07                                                           Date:


>    _____/s/_____              >_____
              (SIGNATURE)                                                      (SIGNATURE)