SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

THOMAS MOORE (ASB 4305-T78O)
KIRSTIN M. AULT (CABN 206052)
Assistant United States Attorneys

   450 Golden Gate Ave., Box 36055
   San Francisco, CA 94102
   Telephone: (415) 436-6935, 7151
   Facsimile: (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> MOHAMMAD YOUSUF CHAUDHRY, <br> and <br> ALI H. KHAN, <br>     Defendants. | No. CR 03-40210 SBA <br><br> **UNITED STATES' MOTION IN LIMINE TO EXCLUDE PUBLIC AUTHORITY DEFENSE** <br><br> Pretrial: September 11, 2007 <br> Trial Date: September 24, 2007 <br> Time: 8:30 a.m. <br> Court: Courtroom No. 3 <br> Hon. S. Brown Armstrong |

Jury selection in this matter is scheduled to begin on September 24, 2007. The trial date in this matter has been continued numerous times. As a result, the United States previously filed motions in limine in or about August 2006. In addition, to those pending motions, the United States submits the following motion *in limine* to preclude the introduction of evidence pertaining to and argument concerning the defense of public authority.

## **BACKGROUND**

After one check casher filed multiple CTRs on defendant Chaudhry, IRS Revenue Agent (RA) Clarence Walker was assigned to investigate Chaudhry and his businesses. RA Walker,

however, was corrupt. Rather than investigating the defendants' criminal activity, RA Walker advised the defendants how to reduce their chances of getting caught. The defendant, possibly on the advice of RA Walker, filed his own CTRs claiming that his companies were not in the business of selling software but, rather, were in the business of cashing checks. In this way, defendant Chaudhry attempted to create a defense to the charge that he failed to report large amounts of income on his business' tax returns. The purported defense is that because RT and AES did not receive the cash from the checks but, instead, provided cash to their customers in exchange for a small fee, only the check cashing fee, and not the entire amount of the check, needed to be reported on his corporate tax returns. The defendants are also anticipated to assert that, because they were acting on the advice of SA Walker, they did not willfully violate the law.

## **ARGUMENT**

The defense of "public authority" arises where the defendant claims to be acting on behalf of public law enforcement authority when caught committing an offense. In order to raise this defense at trial, a defendant must submit notice of his intention to assert a public authority defense in advance of trial by the time set by the trial court for pre-trial motions in accordance with FED. R. CRIM. P. 12.3(a)(1). Here, neither defendant has made any such filing or otherwise given notice that he intends to assert a defense of public authority. However, defense counsel has made statements which the United States believes indicate that at trial he may falsely argue that they were acting under the authority of former IRS Revenue Agent Clarence Walker when defendant Chaudhry completed and filed tax returns for RT and AES, when defendants Chaudhry and Kahn cashed structured checks, and when defendants completed and filed fraudulent Currency Transaction Reports (CTRs). However, Walker himself has been convicted of conspiracy and causing a failure the failure to file CTRs. Thus, he could not have authorized the defendants to act as they did. *See United States v. Mack*, 164 F.3d 467, 474 (9th Cir. 1999) (affirming trial court's determination that defense request for public authority jury instruction was without merit "because [the defendant] did not rely on the advice or authority of federal officials or agents"); *accord United States v. Achter*, 52 F.3d 753, 755 (8th Cir. 1995) (local law enforcement does not have the authority to sanction a violation of federal law).

The public authority defense is available only when a defendant has committed an otherwise illegal act in reasonable and sincere reliance upon a statement or act of a government agent with actual legal authority to empower the commission of the illegal act in question. *See United States v. Matta-Ballesteros*, 71 F.3d 754, 770 n.12 (9th Cir. 1995), *as amended*, 98 F.3d 1100 (9th Cir. 1996); *see also United States v. Burrows*, 36 F.3d 875, 881-82 (9th Cir. 1994). Even assuming the defendants relied on the advice of Clarence Walker believing him to be a legitimate, rather than a corrupt, IRS Revenue Agent, Walker did not have the authority to authorize the defendants' violation of tax and structuring laws. *See United States v. Duggan*, 743 F.2d 59, 83-84 (2d Cir. 1984) (defense of public authority requires government agent to have actual authority to authorize violation of federal law). Indeed, the United States is unaware of any plausible argument that the defendants had the public authority to carry-out the charged crimes.

When a defendant fails to make a prima facie showing for the defense, the defendant may be precluded from presenting the defense, as well as any supporting evidence, at trial. See *United States v. Moreno*, 102 F.3d 994, 997 (9th Cir. 1996) (evidence is not relevant if the defendant fails to present a prima facie case of the affirmative defense); *see also United States v. Mack*, 164 F.3d 467, 474 (9th Cir. 1999) (defenses of public authority and entrapment by estoppel ruled inadmissible prior to trial). Here, the defendants have not, and cannot, make such a prima facie showing. Therefore, any evidence they seek to introduce – either through cross-examination of the United States' witnesses, testimony of witnesses called on their own behalf, or the introduction of documents – should be excluded..

Moreover, even if a public authority defense were available, the defendants are precluded from offering such a defense because they failed to provide notice of their intention to assert that defense. Pursuant to Rule 12, a defendant must give written notice if he wishes to rely on the defenses of public authority. Here, neither defendant has made a Rule 12 disclosure that has advised the United States whether he intends to rely on a public authority defense. Defendant Chaudhry's attorney has indicated his intention to call as a witness Clarence Walker, a former IRS revenue agent who was charged with crimes involving defendant Chaudhry. If the defense's

intent is to claim that the defendants acted on the advice and counsel of a person whom he believed to be a legitimate IRS agent, this defense should be precluded because the defendants did not provide the proper notice under Federal Rule of Criminal Procedure 12.3.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court enter the *in limine* orders requested.

DATED: August 22, 2007         Respectfully Submitted,

                               SCOTT N. SCHOOLS
                               United States Attorney


                               _____/s/_____
                               THOMAS MOORE
                               KIRSTIN M. AULT
                               Assistant United States Attorneys