```
ERIK G. BABCOCK, Cal. 172517
LYNN KESLAR, Cal. 191521
1212 Broadway, Suite 726
Oakland, CA 94612-3423
(510) 452-8400
(510) 452-8405

Attorney for Defendant
MOHAMMED YOUSEF CHAUDHRY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                    )<br>    Plaintiff,                      )<br>                                    )<br>    v.                              )<br>                                    )<br>MOHAMMED YOUSEF CHAUDHRY,           )<br>ALI H. KHAN,                        )<br>                                    )<br>    Defendants.                     )<br>                                    )<br>                                    )<br>_____) | No. CR 03-40210<br><br>**DEFENDANT CHAUDHRY'S RESPONSE TO GOVERNMENT'S MOTION TO EXCLUDE TESTIMONY CONCERNING ALLEGATIONS OF FRAUD BY IRS AGENT JANET APPLETON**<br><br>Pre-Trial Conference:<br>September 11, 2007<br>Dept.: Courtroom 3 |

IRS agent Janet Appleton is being sued by the Milpitas Community Church in <u>Milpitas Community Church v. Janet Appleton</u>, Santa Clara Superior Court No. 106CV069856. In a declaration by the Chairman of the Church Board of Trustees filed in support of a request for a restraining order, the Church declared that Agent Appleton has, among other things, (1) sent letters to people representing herself as a trustee of the church when she was not; (2) "use[d] letterhead that she has made purporting to be from the Church Body"; (3) "crippled the Church financially by preventing regular deposits to be made"; (4) removed Church financial

documents and wiped financial records from the Church computers.

Defendant first learned of these allegations last week when the government filed its motion to preclude defendants from introducing evidence of this conduct.  Since then, the government has provided the defense with a copy of the underlying civil complaint and restraining order papers.  So far, no documents setting out in any greater detail the allegations, such as a police report, have been provided.  The government's seems to say that a state embezzlement charge was filed and/or not pursued. Undersigned counsel is commencing an investigation into the veracity of the allegations.

A. <u>The Government's Motion Should Be Denied Because The Allegations Are Highly Probative of Credibility</u>

The allegations against Agent Appleton by the Church, if true, are clearly probative of truthfulness and honesty.  It is also clear that Agent Appleton's credibility will be a material issue in this case.  She was the IRS agent in charge of investigating the alleged tax deficiencies that are now charged in this case.  The integrity of her investigation and its conclusions are therefore central to the prosecution of Mr. Chaudhry, and to his defense.

Should Agent Appleton testify, the defense should be permitted during cross examination to inquire into matters reflecting on her credibility, including specific instances of conduct alleged by the Milpitas Community Church, as set forth in Rule 608(b) of the Federal Rules of Evidence.

The defense should also be permitted to present relevant opinion or reputation evidence concerning Agent Appleton's

CHAUDHRY'S OPP TO MOTION RE
IRS AGENT JANET APPLETON                                              - 2 -

character for truthfulness or untruthfulness, in conformance with Rule 608(a).

Finally, should Agent Appleton deny any of the specific allegations of misconduct alleged by the Church, and defendant can prove them with extrinsic evidence, defendant should be allowed to present that extrinsic evidence to impeach her:

> Once a witness . . . testifies as to any specific fact on direct testimony, the trial judge has broad discretion to admit extrinsic evidence tending to contradict the specific statement, even if such statement concerns a collateral matter in the case. See <u>Walder v. United States</u>, 347 U.S. 62, 98 L. Ed. 503, 74 S. Ct. 354 (1954).

<u>United States v. Benedetto</u>, 571 F.2d 1246 (2d Cir. 1978).

The government mistakenly argues that this evidence should be analyzed under Rule 608 and 609. But impeachment by contradiction is, rather, analyzed pursuant to Rule 607:

> Impeachment by contradiction is properly considered under Rule 607, not Rule 608(b). Weinstein § 607.06, at 607-72-607-84. The Second Circuit has noted that, "Rule 607 appears to allow the continuation of federal practice in admitting extrinsic evidence to impeach specific errors or falsehoods in a witness' direct testimony, subject to Rule 403 considerations." <u>United States v. Benedetto</u>, 571 F.2d 1246, 1250 n.7 (2d Cir. 1978). Weinstein also suggests that courts should analyze such evidence under Rule 403. Weinstein § 607.06[3][b], at 607-79; § 608.12[6][a], at 608-42. We agree.

<u>United States v. Castillo</u>, 181 F.3d 1129, 1133 (9th Cir. 1999).

Given the importance of Agent Appleton's testimony, and hence her credibility, the defense should be given wide latitude in confronting and cross examining her. U.S. Const., VI Amend.

///

CHAUDHRY'S OPP TO MOTION RE
IRS AGENT JANET APPLETON                                              - 3 -

B.  **Defendant Requests An Order Requiring Full Compliance With Brady and Henthorn**

Defendant did not know of these allegations against Agent Appleton until last week when the government filed its motion. The civil compliant against Appleton by the Church was filed more than one year ago, in August, 2006, although the case has apparently neither settled nor been sent out for trial yet.

Defendant does not know when the government learned of the allegations, and defendant does not suggest that the government intentionally delayed disclosing them. However, given the lateness of this disclosure, defendant feels it prudent to request assurances that the prosecution is in full compliance with its obligations under both Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

The government has an obligation under Brady to provide exculpatory evidence to a criminal defendant. The government has a duty to disclose Brady material even in the absence of a request by the defense. See Kyles v. Whitley, 514 U.S. 419, 433, 131 L. Ed. 2d 490, 115 S. Ct. 1555 (1995). Impeachment evidence is exculpatory evidence within the meaning of Brady. See Giglio v. United States, 405 U.S. 150, 154, 31 L. Ed. 2d 104, 92 S. Ct. 763 (1972); see also United States v. Bagley, 473 U.S. 667, 676, 87 L. Ed. 2d 481, 105 S. Ct. 3375 (1985).

Brady/ Giglio information includes "material . . . that bears on the credibility of a significant witness in the case." United States v. Brumel-Alvarez, 991 F.2d 1452, 1461 (9th Cir. 1993), amending 976 F.2d 1235 (9th Cir. 1992) (quoting United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir. 1988)). Impeachment

evidence is favorable Brady/ Giglio material "when the reliability of the witness may be determinative of a criminal defendant's guilt or innocence." Id. at 1458 (citing Giglio, 405 U.S. at 154); see also United States v. Serv. Deli Inc., 151 F.3d 938, 943 (9th Cir. 1998).

Similarly, defendant requests full compliance with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). There are a number of government agents listed as witnesses against Mr. Chaudhry. Defendant does not have access to their personnel files, but he is entitled to know the government has reviewed the materials to assure that everything significantly bearing on their credibility has been disclosed.

**CONCLUSION**

Defendant reserves the right to request a reasonable continuance if necessary to fully investigate the allegations regarding Agent Appleton. If true, they are highly relevant of her credibility. A reasonable juror could well find a person who falsely represents themselves as acting on behalf of a church, and who took church property, less credible, even if that person was a government agent. The jury is entitled to hear that information and weigh it in determining whether to believe such an important government witness.

DATED: September 2, 2007       Respectfully submitted,

S/Erik Babcock
ERIK G. BABCOCK
LYNN KESLAR
Attorneys for Defendant
Mohammed Yousef Chaudhry

CHAUDHRY'S OPP TO MOTION RE
IRS AGENT JANET APPLETON