1 ERIK G. BABCOCK, Cal. 172517
  LYNN KESLAR, Cal. 191521
2 1212 Broadway, Suite 726
  Oakland, CA 94612-3423
3 (510) 452-8400
  (510) 452-8405
4
  Attorneys for Defendant
5 MOHAMMED YOUSEF CHAUDHRY

6

7               IN THE UNITED STATES DISTRICT COURT

8             FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
  UNITED STATES OF AMERICA,        )
10                                  )     No.  CR 03-40210
                                    )
11      Plaintiff,                  )
                                    )     **DEFENDANT CHAUDHRY'S**
12      v.                          )     **RESPONSE TO GOVERNMENT**
                                    )     **MOTION TO EXCLUDE PUBLIC**
13 MOHAMMED YOUSEF CHAUDHRY,        )     **AUTHORITY DEFENSE**
   ALI H. KHAN,                     )
14                                  )
        Defendants.                 )
15                                  )     Pre-Trial Conference:
                                    )     September 11, 2007
16                                  )     Dept.: Courtroom 3
   ─────────────────────────────── )
17

18      Pursuent to Rule 12.3, the government seeks to preclude Mr.

19 Chaudhry from asserting the affirmative defense of public

20 authority.  Defendant does not oppose that request because he does

21 not intend to raise that affirmative defense.  However, the

22 government appears to request more than that relief, more relief

23 than it is entitled to seek under Rule 12.3.  Defendant opposes

24 the government's motion insofar as it seeks to exclude evidence

25 relating to Clarence Walker's involvement with Mr. Chaudhry

26 because such evidence is relevant to Mr. Chaudhry's knowledge and

27 intent.

28
   CHAUDHRY'S OPP. TO GOV MOTION TO
   EXCLUDE PUBLIC AUTHORITY DEFENSE

The government anticipates evidence that Clarence Walker, an Internal Revenue Service officer (and a former defendant in this court), provided advice to Mr. Chaudhry on the filing of Currency Transaction Reports ("CTRs").

The government misconstrues defendant's intended defense. Defendant has never intended to claim that he was "exercising" public authority, which is an affirmative defense if proven true. Rather, defendant intends to make the government meet its heavy burden of proving beyond a reasonable doubt that he acted with both knowledge of the currency transaction reporting requirements, and with the intention of evading them.

Mr. Chaudhry anticipates the evidence will show that he received "advice" from Mr. Walker, an IRS agent with responsibilities over currency reporting issues, about reporting requirements.  The provision of that advice by an IRS agent is relevant to Mr. Chaudhry's knowledge (or lack thereof) and his intent (or lack thereof).  The government has the burden of proving both that Mr. Chaudhry's knew of the relevant currency transaction reporting requirements, and that he acted with the intention of evading them.  Evidence tending to logically to disprove either of these elements is relevant and material to Mr. Chaudhry's defense of the charges against him at this trial. Excluding evidence relating to Mr. Walker's interactions with Mr. Chaudhry would therefore relieve the government of its heavy burden of proving these essential elements beyond a reasonable doubt, in violation of his constitutional rights to present a defense and to due process of law.

Accordingly, Rule 12.3 simply has no application to the facts of this case.  Rule 12.3 provides, in part:

> If a defendant intends to assert a defense of actual or believed <u>exercise of public authority on behalf of a law enforcement agency</u> or federal intelligence agency at the time of the alleged offense, the defendant must so notify [the prosecution]

(Emphasis added).

On its face, the rule only applies if a defendant intends to assert that when he was acting, or believed he was acting, as an agent of the government.  Mr. Chaudhry has never intended to assert that he was acting as a government agent.  Accordingly, he has never intended to seek or rely on the affirmative defense of public authority, or to request the Ninth Circuit jury instruction on the same.[1]  Rule 12.3 simply does not apply when no affirmative defense of public authority is sought.

If the government's motion seeks only to bar the jury from being instructed on the affirmative defense of public authority, and to preclude the defense from arguing that defense in opening and closing, then defendant does not oppose the government's motion.

However, the government appears to seek more.  Its motion appears to seek relief that goes far beyond that authorized by Rule 12.3.  The government states that if defendant Chaudhry's "intent is to claim that the defendant acted on the advice and

---

[1] "A defendant engages in conduct violative of a criminal statute at the request of a government enforcement officer, with the reasonable belief that the defendant is acting as an authorized government agent to assist in law enforcement activity..."  Ninth Circuit Model Criminal Jury Instruction 6.10.

counsel of a person he believed to be a legitimate IRS agent, this defense should be precluded." Gov. Mot. at p. 4.  Mr. Chaudhry may infact seek to argue that he acted on the advice and counsel of an IRS agent, depending how the evidence comes in.  But that is a far different trial strategy than claiming that his acts were an "exercise of public authority on behalf of a law enforcement agency." Rule 12.3.  Mr. Chaudhry only intends to offer that evidence as relevant to his knowledge and intent.  He must not be barred from doing so.

The government's motion should be denied to the extent it seeks anything beyond disallowing jury instruction and argument on the affirmative defense of public authority.  Mr. Chaudhry' is not raising that affirmative defense, but he is entitled to present evidence relevant and probative of his knowledge and intent.

DATED: September 2, 2007

                              Respectfully submitted,


                              /S/Erik Babcock
                              ERIK BABCOCK
                              LYNN KESLAR
                              Attorneys for Defendant
                              MOHAMMED YOUSEF CHAUDHRY