ERIK G. BABCOCK, Cal. No. 172517
LYNN KESLAR, Cal. No. 191521
1212 Broadway, Suite 726
Oakland, CA 94612-3423
(510) 452-8400
(510) 452-8405

Attorney for Defendant
MOHAMMED YOUSEF CHAUDHRY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 03-40210 SBA |
| Plaintiff, ) | |
| v. ) | **DEFENDANT CHAUDHRY'S SUPPLEMENTAL MOTIONS IN LIMINE** |
| MOHAMMED YOUSEF CHAUDHRY, ALI H. KHAN, ) | |
| Defendants. ) | Pre-Trial Conference: September 11, 2007 Dept.: Courtroom 3 |

Defendant Chaudhry hereby files the following objections to government witnesses, and related motions, in response to the government's Revised Witness List.

1. <u>Testimony About Dealings Between the Defendants and RT and AES Software Customers Concerning Payments Other than Those Charged in the Indictment Should be Excluded</u>.

The defense objected in its initial motions *in limine* to testimony regarding business transactions not charged in the indictment. The government has added Bruce Toledo to its list of witnesses who have no relation to the companies, checks, or

CHAUDHRY'S SUPPLEMENTAL MOTIONS IN LIMINE

transactions charged here.  Testimony from Mr. Toledo should also be excluded.

2. <u>Evidence of the Defendants' Dealings with Check Cashers for RT and AES Checks Other than Those Charged in the Indictment Should be Excluded</u>.

The defense objected in its initial motions *in limine* to testimony regarding transactions and relationships with check cashers not charged in the indictment.  The government has added IRS agent Kevin Williamson as providing testimony regarding documents found at Money Market Financial Services, a business where none of the charged transactions took place.  Agent Williamson's testimony and said documents should thus be excluded.

3. <u>Evidence About the Trash Found at Clarence Walker's House is Irrelevant and Should be Excluded</u>.

The government's new witness list identifies two (2) government agents who will testify about trash retrieved from Clarence Walker's house: Anthony Armentano and William Bournazos.  The defense objects that such evidence is irrelevant and should be excluded.  (FRE 402.)  Even if relevant, testimony by two witnesses would be cumulative and the government should be limited to one percipient witness on this topic.      (FRE 403.)

4. <u>Evidence Concerning Database Searches by Clarence Walker Is Irrelevant and Should Be Excluded</u>.

The government has identified two government agents who will testify about IRS database searches purportedly requested by Clarence Walker: Anthony Armentano and James Oertel.  There is no evidence these database searches were requested by Mr. Chaudhry or conducted on his behalf, and this testimony should be excluded as irrelevant.  (FRE 402).  Even if such testimony were probative of any of the charges against Mr. Chaudhry, testimony should be

CHAUDHRY'S SUPPLEMENTAL MOTIONS IN LIMINE                          - 2 -

limited to the percipient witnesses who conducted the searches for Mr. Walker and can testify they did so at his request during some relevant time period – not by government agents summarizing the statements of third parties.

### 5. Government Agents Should Not be Permitted to Testify Generally About the Investigation of Defendant.

The government also proposes to introduce testimony of government agents Connie Militano and Russell Higgins concerning the investigation of Mr. Chaudhry. Agents Militano and Higgins interviewed several witnesses while investigating the underlying case, but they should be excluded from testifying about those interview. Those witnesses should be called for their own direct testimony if it concerns relevant matters.

### 6. Testimony Regarding Surveillance of RT Computers Is Not Relevant and Should be Excluded.

The government proposes to introduce testimony from FBI Agent John McClure regarding his surveillance of RT Computers. This testimony is not relevant, and is potentially misleading and confusing to the jury, and should be excluded. (FRE 402 & 403.)

### 7. Testimony of IRS Agent Janice Tobin Should be Excluded.

The government also proposes to introduce the testimony of IRS agent Janice Tobin, concerning "business documents related to the Title 31 program." Without knowing more precisely the nature of the proposed testimony, the defense objects that Agent Tobin's testimony about Title 31 would be cumulative in light of the proposed expert testimony of Richard Adams and/ or Charles Tonna. (FRE 403.)

### 8. IRS Detroit Computing Center Representative Testimony Should be Limited to Relevant Matters.

CHAUDHRY'S SUPPLEMENTAL MOTIONS IN LIMINE                                    - 3 -

It is not clear from the government's witness list what testimony is proposed by this IRS representative. No expert disclosures have been made regarding testimony from this IRS office. The defense reserves objection.

9. <u>Testimony of a State of California Representative Regarding the Licensing of Check Cashing Businesses Is Irrelevant, Time Consuming, Prejudicial, and Confusing, and Should be Excluded</u>.

Mr. Chaudhry is not charged with conducting an unlicensed check cashing businesses and this proposed testimony should be excluded as irrelevant, confusing, time consuming, and prejudicial. (FRE 402 & 403.) Its possible relevance only relates to Clarence Walker's avowed instruction to Mr. Chaudhry to file Currency Transaction Reports ("CTRs"). Whether said advice was incomplete with respect to California law is a completely collateral and immaterial issue.

10. <u>Testimony of Government Agents Concerning Statements by Mr. Chaudhry Are Irrelevant and Should be Excluded</u>.

Two government agents are offered to testify about conversations with Mr. Chaudhry: Chris Langert and Brian Goold, Agent Daniel O'Connell is listed by the government for his testimony about statements by Mr. Chaudhry. The defense is continuing to review witness statements disclosed by the government, but has so far only come across one reported conversation between Agent Langert and Mr. Chaudhry. Agent Langert was involved in the execution of a search warrant at R&J Technologies, a company not involved in any of the transactions charged here. While at R&J, Agent Langert persuaded its proprietor Richard Liu to call Mr. Chaudhry. Agent Langert took

the phone and inquired whether Mr. Chaudhry had made a delivery to R&J earlier in the day. Mr. Chaudhry was apparently unwilling to say more than "I don't know" to the agent without first talking to his lawyer. This is not relevant to the charges here. The defense will continue to review the discovery for additional conversations between Agent Langert or Agent Goold and Mr. Chaudhry, or made in the presence of Agent O'Connell, and reserves further objection.

11.  <u>Testimony of Bank Representatives Concerning the Banking Relationship With Mr. Chaudhry and is Businesses Should be Excluded</u>.

Without knowing precisely what testimony will be offered, the defense objects that testimony from Cathay Bank, Union Bank, or Bank of America representatives about the bank's "relationship with Mr. Chaudhry and his companies" is irrelevant. The defense reserves further objection.

12.  <u>The Statements of Robert Overby Are Not Relevant and Should be Excluded</u>.

Robert Overby, according to discovery, was a transient who was allowed to occasionally leave his things and spend time at RT Computers. He told agents that he sometimes helped out and Mr. Chaudhry sometimes paid him a few dollars. His testimony is not relevant to the charges here and should be excluded. (FRE 402.)

13.  <u>The Government Should Identify Which, If Any, of its Witnesses Were Named Confidential Informants in Discovery</u>.

Documents disclosed by the government include interviews with a witness identified as "Source" and one identified as "T-1". No witness is identified in the government's revised witness list as having been a confidential informant. The defense requests,

CHAUDHRY'S SUPPLEMENTAL MOTIONS IN LIMINE

pursuant to the Jencks Act, 18 U.S.C. 3500, that the government be ordered to disclose which of its named witnesses, if any, gave statements attributed to a confidential informant in discovery.

    14.  <u>Testimony About the Conspiracy Between Sheila Wu, Radu Tomescu, and Clarence Walker, and Testimony About Walker's Other Bad Acts is Irrelevant and Unduly Prejudicial and Should be Excluded</u>.

The defense hereby moves to exclude testimony about the conspiracy between Sheila Wu, Radu Tomescu, and Clarence Walker, and to exclude testimony about any other of Walker's bad conduct while he was an IRS agent.

Clarence Walker was the IRS agent investigating Mr. Chaudhry for Title 31 compliance. He was tried in this Court in June 2006 for receiving bribes paid by Tomescu and Wu and conspiring with them to defraud the United States, to fail to file Currency Transaction Reports, and to structure transactions to avoid reporting requirements. Mr. Chaudhry was not charged in that conspiracy.

At Walker's trial, Radu Tomescu testified that he and Sheila Wu, through their company World Wide Sales (WWS), paid Walker to help them cash checks without raising suspicion through the IRS reporting system. Walker also agreed as part of their bargain to keep Tomescu and Wu informed about whether the IRS was looking at their files.

Sheila Wu testified that Walker used his influence with check cashing businesses to cash checks whose amounts were over $10,000, without triggering the filing of Currency Transaction Reports. She said Mohammed Chaudhry introduced her to Walker.

Tomescu and Wu are expected to testify in the instant case that they wrote checks on behalf of WWS to Mr. Chaudhry and his businesses to pay for products he was selling, and for cash. Sheila Wu is expected to say, as she did in Walker's trial, that Mr. Chaudhry told her how to fill in the amount of the check, and that the amount was often less than $10,000. That testimony is relevant to the charges here. However, testimony concerning the relationship between Walker and Wu and Tomescu, and testimony about Walker's illegal or improper dealings with others is not relevant here. Likewise, testimony that Walker was terminated from his duties with the IRS is not relevant should be excluded.

Testimony concerning acts and statements by others - usually co-conspirators - is occasionally permitted in conspiracy cases, when such acts or statements they are "relevant in suggesting the existence and aims of the conspiracy." (United States v. Testa 548 F.2d 847, 851 (9th Cir. 1977)). In addition to being relevant, such testimony must typically overcome objections pursuant to Federal Rule of Evidence (hereafter, "FRE") 404 (b) and FRE 802, objections that such testimony cannot overcome in this case. (See Id.) Here, in addition, such testimony should be excluded as unduly prejudicial under FRE 403.

Walker is not a co-conspirator in the instant matter and his out of court statements, if offered, would be inadmissible hearsay. (FRE 802). Furthermore, testimony concerning Walker's illegal conduct while he was an IRS agent - either as described by Tomescu and Wu or by others with knowledge of Walker's illegal dealings with check-cashing businesses and convenience store owners - is not in any sense relevant to the "existence and aims

CHAUDHRY'S SUPPLEMENTAL MOTIONS IN LIMINE                              - 7 -

of the conspiracy" at issue in this case.  (<u>Testa,</u> 548 F.2d at 851.)  Walker's activities in cashing checks for WWS, searching IRS records on its behalf, and advising its principals how to deal with tax laws and regulations (either legally or illegally) do not tend to show one way or another whether Mr. Chauhdry and Mr. Kahn agreed to structure transactions, or did in fact structure them; or whether Mr. Chaudhry filed false tax returns.  Inclusion of such testimony would be plainly prejudicial and confusing to the jury.  It would only suggest, unfairly, that because Walker had agreed to conspire with Tomescu and Wu, that he must also have conspired with Mr. Chaudhry.   Any such proposed testimony should be excluded.

DATED: September 3, 2007        Respectfully submitted,


                                <u>S/Erik Babcock</u>
                                ERIK G. BABCOCK
                                LYNN KESLAR
                                Attorneys for Defendant
                                Mohammed Yousef Chaudhry

CHAUDHRY'S SUPPLEMENTAL MOTIONS IN LIMINE                    - 8 -