**SETH P. CHAZIN (CSBN 133777)**
**Attorney at Law**
**LAW OFFICES OF SETH P. CHAZIN**
**1164 Solano Avenue, Suite 205**
**Albany, CA 94706**
**Telephone:  (510) 507-8100**
**Facsimile:  (510) 525-0087**
**Attorney for Ali Khan**

# IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | CR03-40210 SBA |
| ) | |
| Plaintiff, ) | **REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION OF MOTION TO SEVER** |
| vs. ) | |
| MOHAMMED YOUSEF CHAUDHRY AND ) | Date: September 11, 2007 |
| ALI H. KAHN ) | Time: 3:00 p.m. |
| ) | The Honorable Judge Saundra Brown |
| Defendants. ) | Armstrong |

## I.
### SEVERANCE OF THE DEFENDANTS' TRIALS IS PROPER, BECAUSE MOST OF THE EVIDENCE PERTAINS SOLELY TO THE CO-DEFENDANT AND WILL PREJUDICE MR. KAHN'S TRIAL

Severance under Rule 14 of the Federal Rules of Criminal Procedure is proper if the defendant's case is prejudiced by the existing joinder.  Mr. Kahn's case will be severely prejudiced if the court requires him to go to trial with his co-defendant.  The government

KHAN: REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR RECONSIDERATION OF MOTION TO SEVER

claims that the defendant only presents one new fact for the court to consider in determining whether to grant defendant's motion to sever, which is the fact that the government intends to introduce 404(b) evidence at trial. The fact that the government intends to introduce this 404(b) evidence against the co-defendant, in addition to the other issues previously raised in Mr. Kahn's Motion to Sever, show that a joint trial will prejudice Mr. Kahn.

The government claims that the 404(b) evidence relates to a scheme perpetrated by both defendants. In fact, there is no evidence to show that Mr. Kahn had any knowledge of his co-defendant's alleged scheme to evade his taxes. The government seeks to introduce at trial a variety 404(b) evidence, none of which shows that Mr. Kahn participated or assisted in such an alleged scheme or even that he had any knowledge of such a scheme by his co-defendant. Included in the evidence the government intends to introduce at trial are: real and documentary evidence showing that Mr. Chaudhry failed to report income in tax years other than those charged in the indictment, along with the amounts he failed to report; witness testimony, such as testimony of IRS Agent Janet Appleton regarding the audit of Mr. Chaudhry's tax deficiencies; and real and documentary evidence of Mr. Chaudhry's alleged trade in gray market software. These are merely examples of thousands of pages of 404(b) evidence that does not in any way relate to whether Mr. Kahn either conspired to or did in fact structure financial transactions for the purpose of evading reporting requirements pursuant to 31 U.S.C. section 5313, et seq. It is important to remind the court that the defendant is not charged with participating in acts of nor conspiring to subscribe to false tax returns by Chaudhry. In fact, there is no evidence that Mr. Khan had any knowledge

KHAN: REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR RECONSIDERATION OF MOTION TO SEVER                2

whatsoever of any scheme by Mr. Chaudhry to evade his taxes. This type of evidence, if admitted at a joint trial, serves only to prejudice Mr. Kahn by causing the jury to believe that Mr. Kahn was involved in a scheme with Mr. Chaudhry to subscribe to false tax returns when in fact Mr. Kahn was unaware of Mr. Chaudhry's motives (if any did exist).

Additionally, the 404(b) evidence the government seeks to introduce is not probative of a conspiracy between Mr. Kahn and his co-defendant. Under Federal Rule of Evidence 403, the exclusion of this evidence is proper when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury . . ." If the court does not exclude the admission of this evidence, the court must sever the trials of Mr. Kahn and his co-defendant.

It is not only the 404(b) evidence that will cause Mr. Kahn's case to be prejudiced, but also the vast majority of all other evidence the government intends to introduce at trial. In addition to the 404(b) evidence that is completely unrelated to Mr. Kahn which the government seeks to admit at trial, the government also intends to introduce many witnesses and thousands of pages of other evidence that relate only to Mr. Kahn's co-defendant. Within the past month, the government has produced approximately 6,000 pages of additional discovery, and more material is yet to come. A minuscule amount of this discovery relates to Mr. Kahn. The government disclosed that it intends to call more than fifty witnesses at trial. Almost all of the witnesses listed will testify only to matters concerning the co-defendant and his statements and conduct. Moreover, the 112 items on the government's exhibit list pertain almost exclusively to the co-defendant and the co-

KHAN: REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR RECONSIDERATION OF MOTION TO SEVER                3

1   defendant's conduct.

2       The defendants' trials should be severed because Mr. Kahn will be prejudiced by both

3   the sheer volume as well as the many types of evidence that concern only his co-defendant.

4   Furthermore, severance is also required due to the anticipated introduction of evidence

5   relating only to the separate charges against Defendant Chaudhry which is otherwise

6   extraneous and irrelevant and in no way concern Defendant Khan and the charges for which

7   he is on trial.

8

9

10

11                               **II.**
    **AS AN ALTERNATE TO SEVERING THE DEFENDANTS' TRIALS, USING DUAL**
12   **JURIES MAY PREVENT PREJUDICE TO MR. KAHN FROM A JOINT TRIAL**

13

14       Mr. Kahn is likely to be greatly prejudiced if the trials of the defendants are not

15   severed.  However, one alternate to a severance which will prevent prejudice to Mr. Khan is

16   the use of dual juries.

17       The determination of whether or not defendants' cases should be joined is whether the

18   evidence is "easily compartmentalized." *Lambright v. Stewart,* 191 F. 3d 1181, 1186 (9th Cir.

19   1999) quoting *United States v. Vasquez-Velasco*, 15 F. 3d 833, 846 (9th Cir. 1994).  If the

20   Court does not sever Mr. Kahn's case from his co-defendant's case, the jury will have

21   difficulty not assuming that Mr. Kahn is guilty simply by his association with Mr. Chaudhry

22

23   and Chaudhry's business.  The government plans to introduce vast amounts of evidence of

24   Mr. Chaudhry's past crimes and evidence totally unrelated to Ali Khan.  Much of the

25   evidence introduced against Mr. Chaudhry will pertain to his activities before he employed

26

27   KHAN: REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR RECONSIDERATION OF

28   MOTION TO SEVER                    4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mr. Kahn or will pertain to activities that Mr. Khan had no part in or any knowledge of. The jury should consider none of this evidence when determining the guilt or innocence of Mr. Kahn. It will be difficult for a jury to determine which parts of the evidence against Mr. Chaudhry can also be considered in relation to Mr. Kahn. To prevent the jury from possibly considering this evidence, the Court may utilize dual juries, if it determines that severance of Mr. Kahn's trial is impracticable. Dual juries have been found to "palliate, rather than exacerbate, the risks of a joint trial." *Id.* Using dual juries "keep[s] dangerous evidence away from the ears of the jurors for the defendant to whom it does not apply." *Id.*

As the court can see from the government's revised witness and exhibit lists, as well as the additional motions and other materials that have since been filed in this matter, the bulk of the evidence in this case clearly relates to Mr. Chaudhry and not Mr. Kahn. For the foregoing reasons, Defendant Kahn respectfully requests the Court grant his motion to sever the trials of the defendants. In the alternative, if the Court does not grant defendant's motion to sever, the defendant respectfully submits that the use of dual juries is appropriate in this case.

**Dated: September 2, 2007**                    **Respectfully submitted,**

_____

_____

**SETH P. CHAZIN**
**Attorney for ALI KHAN**

KHAN: REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR RECONSIDERATION OF MOTION TO SEVER                    5