**SETH P. CHAZIN (CSBN 133777)**
Attorney at Law
**LAW OFFICES OF SETH P. CHAZIN**
1164 Solano Avenue, Suite 205
Albany, CA 94706
Telephone: (510) 558-9243
Facsimile: (510) 525-0087

**Attorney for Defendant**
**ALI KHAN**

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR03-40210 SBA |
| Plaintiff, | |
| vs. | DEFENDANT KHAN'S JOINDER IN DEFENDANT CHAUDHRY'S ADDITIONAL MOTIONS IN LIMINE |
| ALI KHAN, | |
| Defendant. | Date: September 11, 2007<br>Time: 3:00 p.m.<br>The Hon. Saundra Brown Armstrong |

**TO: THE UNITED STATES ATTORNEY AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

Defendant, ALI KHAN, by and through his counsel, SETH P. CHAZIN, hereby joins in the Supplemental Motions In Limine (Document No. 114) as well as Defendant Chaudhry's Response to Government Motion to Exclude Public Authority Defense (Document 113) and Defendant Chaudhry's Response to Government's Motion to Exclude Testimony Concerning Allegations of Fraud by IRS Agent Janet Appleton (Document 112), heretofore filed in this matter by Defendant Mohammed Yousef Chaudhry.

While Defendant Chaudhry argues in his Supplemental Motions In Limine that the

1

witnesses and other evidence specified in these motions are not relevant and/or are otherwise inadmissable and should be excluded from evidence at the trial in this matter, such evidence is that much more irrelevant and otherwise inadmissable as to Ali Khan in light of the tangential relationship Ali Khan has to the overall charges in this case and to the body of evidence expected to be introduced at a joint trial (should the court permit this).

Defendant Khan submits that the issues raised by Defendant Chaudhry in his Supplemental Motions in Limine again highlight the fact that only a minute amount of the evidence introduced by the government at a joint trial of Chaudhry and Khan would actually in any way relate to Defendant Khan. The danger that a jury would be influenced by the concept of "guilt by association" is almost guaranteed under the conditions and circumstances Mr. Khan would be faced with should a joint trial be permitted. Nevertheless, should a joint trial be permitted, the court should grant Defendant Chaudhry's motions in limine.

With regard to the issue of the disclosure and admissibility of impeachment evidence concerning IRS Agent Janet Appleton (and due to the lateness of the disclosure of this information regarding Agent Appleton), Defendant Khan specifically requests that the court inquire as to the government's efforts to satisfy their Henthorn obligations with regard to Agent Appleton and all other government agent witnesses.

There is no requirement that the defense make a threshold showing that there exists evidence which is material to the defense. United States vs. Henthorn, 931 F.2d 29, 31 (9th Cir. 1991). Instead, "[t]he obligation to examine the files arises by virtue of the making of a demand for their production." Where the government declines to comply with Henthorn, the district court may conduct an in camera examination of the personnel files to determine whether they contain evidence or information that is material to the defense. Id at p. 31.

Defendant Khan requested Henthorn materials as part of his original demand for discovery approximately five years ago. Defendant Khan submits that, at this point, it is appropriate to inquire of the government as to whether they have complied with their obligations under Henthorn. If the government has failed to fully comply with these obligations, Defendant Khan respectfully requests that the court order the government to

2

turn over all personnel files to the court so the court may examine the files to determine whether they contain evidence or information material to the defense. If the court does grant this request, the defendant reserves the right to file, under seal, a declaration providing potential defense theories and factual scenarios to assist the court in determining the materiality of the contents of the agents files. Id at p.31.

For the reasons stated above, Defendant Khan requests that the court grant Defendant Chaudhry's supplemental motions in limine.

**DATED: September 2, 2007.**          Respectfully submitted,


                                        _____/s/_____
                                        **SETH P. CHAZIN**
                                        **Attorney for Defendant**
                                        **ALI KHAN**