1  SCOTT N. SCHOOLS  (SCSBN 9990)
   United States Attorney
2  THOMAS MOORE  (ASBN 4305-O78T)
   Assistant United States Attorney
3  Acting Chief, Tax Division

4  9th Floor Federal Building
   450 Golden Gate Avenue, Box 36055
5  San Francisco, California 94102
   Telephone:  (415) 436-6935
6  Fax          (415) 436-6748

7  Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR-03-40210-SBA |
| Plaintiff, ) | |
| ) | UNITED STATES' OPPOSITION TO |
| v. ) | DEFENDANT'S MOTION FOR |
| ) | JAMES HEARING |
| MOHAMMAD YOUSUF CHAUDHRY, ) | |
| and ALI H. KAHN, ) | Hearing: September 11, 2007 |
| ) | Time:    8:30 AM |
| Defendants. ) | Courtroom Number 3 |

## INTRODUCTION

Defendant Ali Kahn ("Kahn") seeks an order requiring a pretrial hearing at which the United States must designate all co-conspirator statements it intends to introduce under Fed.R.Evid. 801(d)(2)(E) and prove the admissibility of such statements. In support of his motion he asserts that it is unlikely that the government will be able to make a showing that Kahn participated in the alleged conspiracy. Def. Khan Memo. 7.

Kahn's claim is unfounded. The government is prepared to present ample evidence that Kahn conspired with Mohammed Yousef Chaudhry ("Chaudhry") to structure transactions in order avoid financial reporting requirements and allow defendant Chaudhry to underreport his income on his federal tax returns the income from two of his businesses – RT Computers ("RT") and Alternative Energy Systems ("AES"), in violation of 31 U.S.C. § 5324, Structuring Transactions to Evade Reporting Requirements.

U.S.'s Opp To Def Ali Kahn's Motion For
James Hearing (No CR-03-40210 SBA)            1

BACKGROUND

The United States anticipates that the evidence introduced at trial will show that the Kahn and Chaudhry were involved in a conspiracy to structure transactions to avoid financial reporting requirements and that one of the aims of this conspiracy was to allow Chaudhry to underreport on his federal tax returns the income from two of his businesses – RT Computers ("RT") and Alternative Energy Systems ("AES"). The evidence introduced in trial will prove the following facts.

A. Kahn participated in Chaudhry's check cashing scheme

Kahn was an employee of Chaudhry's who assisted Chaudhry with structuring his business transactions by cashing multiple checks in amounts less than $10,000. These checks were not cashed at banks but were brought by the defendants to local check cashers. Some of the check cashers were corrupt and agreed with the defendants that they would not file Currency Transaction Reports ("CTR's") with the IRS.[1] Kahn covered up Chaudhry's scheme by filing false Currency Transaction Reports ("CTR's") on behalf of RT and AES. Kahn participated in cashing over 150 checks, and Chaudhry personally cashed many more. Only a representative sample of these checks was charged in the indictment; however, all of the cashed checks were part of the same overall course of conduct.

B. Kahn participated in the business of selling counterfiet or stolen software

RT and AES were in the business of selling counterfeit or stolen software. The businesses operated by making cash purchases of large pallets of common software such as Microsoft Office. The software was typically stolen or had been designated for a specific use, such as the educational market. Software designated for such specific markets was sold by Microsoft at a discount price. Employees at RT and AES would remove the seals and stickers from the educational-use software and replace them with general-use seals and stickers, enabling RT and AES to sell software that was obtained for the discounted educational-use price to

---

[1] The currency transaction reporting requirement that the defendants sought to evade by structuring their transactions was the filing of CTR's with the IRS. CTR's must be filed for all cash transactions over $10,000.

retailers at the increased general-use price. Stolen software was similarly repackaged to appear as if it had been legitimately obtained. In addition to assisting Chaudhry with structuring check cashing to avoid financial reporting requirements, Kahn also participated in delivering the stolen software to RT's and AES' customers.

Kahn claims that he was not aware of defendant Chaudhry's illegal business dealings and was only doing what he was told as an employee of the companies. However, witnesses will testify to the pervasiveness and obviousness of Chaudhry's illegal conduct, and Kahn's many-faceted participation in that conduct.

## DISCUSSION

### I

### JAMES HEARING WOULD UNNECESSARILY LENGTHEN THIS MATTER

Evidence of out-of-court statements of co-conspirators is deemed non-hearsay by Federal Rule of Evidence 801(d)(2)(E). As Kahn correctly notes, whether the predicate for the admission of such an out-of-court statement exists is a matter for the Court to decide.

Although the United States cannot rely solely upon evidence of out-of-court statements to establish the existence of the conspiracy, "co-conspirator hearsay statements may be used to prove the preliminary facts of the conspiracy and the defendant's involvement in it. . . ." United States v. Tamez, 941 F.2d 770, 774-5 (9th Cir. 1991).

"[E]vidence [of the existence of the conspiracy] need <u>not</u> . . . be introduced normally prior to the admission of the co-conspirator's declaration. The courts consistently hold that the hearsay declaration 'may be admitted conditionally, at the trial judge's discretion, subject to the prosecution establishing its later presentation a proper basis for admitting the questioned evidence." P. Marcus, Prosecution and Defense Of Criminal Conspiracy Cases, Section 5.05[3] (1995). United States v. Watkins, 600 F.2d 201 (9th Cir.), cert. denied, 444 U.S. 871 (1979) (holding that the trial court, "may admit the challenged statements conditionally, subject to a later motion to strike").

Moreover, although some courts have conducted pretrial hearings to determine if co-conspirators' statements should be admitted, a pretrial hearing is not mandatory and it is the

1 rare case that warrants such an extraordinary procedure. See Def. Khan Memo 5.

> Although there might conceivably be instances where such a hearing would be helpful, we think that as a general rule such a hearing, . . . would unnecessarily lengthen the proceedings. Evidentiary questions are grist for the mill of district judges and, except in rare instances, can be handled competently in the trial context.

United States v. Medina, 761 F.2d 12, 17 (1st Cir. 1985).

Whether the circumstances warrant such a hearing "is a matter solely within the discretion of the district court." Id. at 17. Considering the circumstances presented in Medina, the First Circuit concluded that "the record shows that such a hearing would have been a total waste of time and effort." 761 F.2d 17.

The present case is not the "rare instance" that warrants novel pre-trial proceedings concerning the proof of conspiracy the United States will present. The United States' ability to present evidence of a conspiracy sufficient to support a related finding is not seriously in doubt, Kahn's claim to the contrary notwithstanding. There is ample evidence that would support a finding that a conspiracy existed. Proffered evidence will establish the existence of the conspiracy, and Kahn's connection to it. Testimony and documentary evidence will establish Kahn's connection to the check cashing scheme and business of selling illegal or counterfeit software. Witness Testimony will further establish the pervasiveness and obviousness of the illegal conduct in which Kahn was a material participant.

In sum, there is ample evidence to establish that the alleged conspiracy existed and that Kahn was a member of the conspiracy.

## II

## POST-ARREST STATEMENTS
## IN FURTHERANCE OF CONSPIRACY ARE ADMISSIBLE

Defendant Khan correctly asserts that co-conspirator statements made during the course of a conspiracy are admissible against co-conspirators. See Def. Khan Memo 7, lines 15-16. Defendant Khan, however, seeks to preclude the admission of his co-conspirator's post-arrest statements for the reason that an arrest ends the conspiracy. Defendant Khan also asserts that because a co-conspirator's arrest ends the conspiracy, no post-arrest co-conspirator statements can be in furtherance of the then terminated conspiracy and for that reason are inadmissible.

1  See Def. Khan Memo 7, lines 16-17.  This assertion is not supported by the cited authority,
2  United States v. Smith, 623 F.2d 627 (9th Cir. 1980).  The Smith Court merely affirms the
3  general proposition that statements made after the termination of a conspiracy are inadmissible
4  and nowhere in that decision does the Court state that an arrest ends a conspiracy. Id. at 631.
5      The Ninth Circuit has held that a co-conspirator's post-arrest statement to an undercover
6  agent is admissible against a co-conspirator when the statement is in furtherance of the
7  conspiracy.  United States v. Sanchez-Rosales, 216 F.3d 1085 (9th Cir. 2000).  The Ninth Circuit
8  further holds that co-conspirator statements which conceal or impede an investigation are in
9  furtherance of the conspiracy are therefore admissible against co-conspirators.  Hawkins v.
10 Bunnell, 16 Fed. Appx. 656, 658 (9th Cir. 2001).  Accordingly, Chaudhry's post-arrest and
11 incarcerated statements, which were taped by prison officials, are admissible against Khan for
12 the reason that Chaudhry's statements are in furtherance of the conspiracy as they attempt to
13 conceal the conspiracy from his spouse.

14                                     CONCLUSION
15     The United States is prepared to present ample evidence of the existence of the conspiracy
16 charged, and Kahn's participation in it.  There is no need for novel pretrial orders or
17 proceedings.  The usual safeguards are more than sufficient to avoid the improper admission of
18 co-conspirators' statements.  Kahn's motion should be denied.

19                                              Respectfully submitted,
20                                              SCOTT N. SCHOOLS
                                                United States Attorney
21
22
23                                              /s/ Thomas Moore
                                                THOMAS MOORE
24                                              Assistant United States Attorney
                                                Tax Division
25
26
27
28