SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

THOMAS MOORE (ASB 4305-T78O)
KIRSTIN M. AULT  (CABN 206052)
Assistant United States Attorneys

   450 Golden Gate Ave., Box 36055
   San Francisco, CA 94102
   Telephone: (415) 436-6935, 7151
   Facsimile: (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>MOHAMMAD YOUSUF CHAUDHRY,<br>and<br>ALI H. KHAN,<br><br>   Defendants. | No. CR 03-40210 SBA<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT CHAUDHRY'S SUPPLEMENTAL MOTIONS IN LIMINE**<br><br>Pretrial:   September 11, 2006<br>Trial Date:  September 24, 2006<br>Time:      8:30 a.m.<br>Court:     Courtroom No. 3<br>Hon. S. Brown Armstrong |

     On September 3, 2007, after the deadline for filing motions in limine had passed, defendant Chaudhry submitted 14 additional motions in limine to the Court. Each of these motions simply repeats arguments made in defendant Chaudhry's initial motions in limine and should be denied for the same reasons cited by the United States in its Opposition to Defendants' Motions in Limine. Defendant Chaudhry seeks to exclude witnesses and testimony that are essential to both explain the conduct of the United States' witnesses and provide the motivations for the defendants' criminal behavior, as well as to refute defenses that defendant Chaudhry has indicated he will assert. Defendant Chaudhry's supplemental motions can be classified in three categories: (1) motions that seek to exclude essential testimony regarding the full scope of the

conspiracy and fraudulent conduct charged in the indictment; (2) motions that seek to exclude evidence necessary to refute the defense that defendant Chaudhry relied on the advice of IRS Revenue Agent Clarence Walker; and (3) motions that seek to exclude evidence necessary to refute the defense that defendant Chaudhry was acting as a check casher.  For the reasons discussed extensively in the United States' initial opposition to the defendant's motions in limine, none of this evidence should be excluded.

The United States responds to each of defendant Chaudhry's supplemental motions as follows:

Motion #1: evidence concerning payments by customers to RT and AES other than those charged in the indictment: This argument simply reiterates that made in defendant Chaudhry's initial motion in limine number 5e and is responded to on pages 14-15 of the United States' initial opposition.

Motion #2: evidence of the defendants' dealing with check cashers other than those charged in the indictment: This argument simply reiterates that made in defendant Chaudhry's initial motion in limine number 5i and is responded to on pages 19-20 of the United States' initial opposition.

Motion #3: evidence of documents found at Clarence Walker's home: Defendant Chaudhry has indicated that he will assert his reliance on advice provided by IRS Revenue Agent Clarence Walker as a defense in this case.  Documents found at Walker's home indicating that the relationship between Walker and defendant Chaudhry went beyond that of a Revenue Agent conducting a compliance review of a business owner is relevant to disproving this defense, and, therefore, should be admitted.

Motion #4: evidence of database searches by Clarence Walker: This evidence is again necessary to refute the defense that defendant Chaudhry legitimately relied on what he believed to be lawful advice provided by Clarence Walker.  This evidence is relevant to showing that the relationship between Chaudhry and Walker was such that Chaudhry knew that the advice provided by Walker was to get around the law, not to comply with it.

Motion #5: evidence of the actions taken by government agents to investigate the

defendants: Government agents will necessarily need to testify regarding the actions they took to obtain certain evidence that will be introduced at trial. To the extent that agents testify regarding documents they obtained or statements made by the defendant, they must be able to explain the circumstances and context in which these activities occurred.

Motion #6: evidence of surveillance of RT computers: Again, in order to provide the background to introduce evidence such as photographs of RT computers, agents must be able to testify regarding the actions they were taken to obtain such information. In addition, this evidence is necessary to refute defendant Chaudhry's proffered defense that he was running a check cashing business, rather than a computer software and hardware supply company.

Motion #7: testimony of IRS Agent Tobin: the currency transaction reporting requirements are an essential element of the crime of structuring which is charged in the indictment. The United States must be allowed to put on evidence needed to prove this element of the offenses. Moreover, evidence concerning the CTR forms and the manner in which they are processed by the IRS is necessary to explain actions taken by the defendant to cover up his failure to report income on his corporate tax returns.

Motion #8: testimony of IRS computing center representative: Again, this testimony is necessary to explain the course of conduct the defendants engaged in during the conspiracy and the substantive charges in the indictment. Defendant Chaudhry's filing of false CTR's is a key component to his defense, and the United States must be permitted to introduce evidence regarding the full course of defendant Chaudhry's illicit conduct in order to refute this defense.

Motion #9: evidence regarding licensing of check cashers: This testimony is relevant to refuting defendant Chaudhry's assertion that he was acting as a check casher.

Motion #10: statements of the defendant: statements and conduct of the defendant that refute his asserted defense that he was a check casher and not a computer software and hardware dealer are directly relevant to the matters at issue in this case and should not be excluded.

Motion #11: evidence regarding defendant Chaudhry's bank accounts: The United States has already responded to this motion on pages 15-16 of its initial Opposition.

Motion #12: testimony of Robert Overby: testimony regarding direct personal

1  observations of and participation in defendant Chaudhry's software business is relevant and
2  necessary to disproving his defense that he was a check casher and not a software dealer.
3      Motion #13: identities of confidential informants: defendant Chaudhry has made none of
4  the showings necessary to reveal the identity of a confidential informant. *See Roviaro v. United*
5  *States*, 353 U.S. 53, 60-61 (1957); *United States v. Williams,* 898 F.2d. 1400, 1402 (9th Cir.
6  1990) (holding that the government has a privilege, qualified only by the fundamental
7  requirements of fairness to the accused, to withhold the identity of an informant in order to
8  protect the informant and encourage citizens to assist in law enforcement by providing
9  information).
10     Motion #14: testimony regarding defendant Chaudhry's business relationship with
11 witnesses Sheila Wu and Radu Tomescu: the United States has already responded to this
12 argument at pages 8-12 and 18-19.  The testimony of witnesses Wu and Tomescu simply will not
13 make any sense to the jury unless they are allowed to explain the nature of their relationship with
14 defendant Chaudhry and the circumstances under which they were writing checks to him and
15 conducting business with him.

**CONCLUSION**

17     For the reasons stated above, as well as for those set forth in the United States initial
18 Opposition to Defendants' Motions in Limine, the United States respectfully requests that the
19 defendant's motions in limine be denied in their entirety.
20 DATED:                          Respectfully Submitted,
21                                 SCOTT N. SCHOOLS
                                   United States Attorney
22
23
                                   _____/s/_____
24                                 THOMAS MOORE
                                   KIRSTIN M. AULT
25                                 Assistant United States Attorneys
26
27
28

4