1  **SETH P. CHAZIN (CSBN 133777)**
   **Attorney at Law**
2  **1164 Solano Avenue, Suite 205**
   **Albany, CA 94706**
3  **Telephone:  (510) 507-8100**
   **Facsimile: (510) 525-0087**
4  **Attorney for Ali Khan**

5

6                  **IN THE UNITED STATES DISTRICT COURT**

7         **IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**

8                          **OAKLAND DIVISION**

9

10  —————————————————————  )

    **UNITED STATES OF AMERICA,**         )        **CR03-40210 SBA**
11                                        )
                                          )
12       **Plaintiff,**                   )        **DEFENDANT'S REPLY TO THE**
                                          )        **UNITED STATES' OPPOSITION**
13       **vs.**                          )        **TO DEFENDANT'S MOTION FOR**
                                          )        **JAMES HEARING**
14                                        )
    **MOHAMMED YOUSEF CHAUDHRY**          )
15  **AND**                              )        **Date: 5/19/08**
    **ALI H. KAHN**                       )        **Time: 2:00 p.m.**
16                                        )        **The Honorable Judge Saundra Brown**
                                          )        **Armstrong**
17       **Defendants.**                  )
    —————————————————————  )
18

19

20

21                          **ARGUMENT**
                                **I.**
22

23   **THE GOVERNMENT HAS FAILED TO PROVIDE THE DEFENSE WITH ANY**
     **EVIDENCE THAT KAHN WAS INVOLVED IN A CHECK CASHING SCHEME**
24

25          In its opposition, the government makes several claims against Mr. Kahn for which no

26   supporting evidence has been provided to the defense.  Specifically, the government alleges that

27   Mr. Kahn filed false Currency Transaction Reports ("CTR's").  But the government has failed

28   to provide the defense of any evidence that Mr. Kahn filed any CTRs at all.  The evidence

provided only suggests that Mr. Kahn may have filled in some CTRs at Mr. Chaudhry's direction, but never himself filed the documents.  The government also alleges that Kahn participated in "cashing over 150 checks," but again provides no evidence to show that cashing checks was outside the scope of his employment or in any way unlawful.   In fact, the government has failed to provide any evidence at all which defeats Mr. Kahn's contention that he was a mere low-level employee, doing simply what he was told and receiving only ordinary compensation that a low-level employee would.  This troubling lack of evidence is exactly what necessitates a James hearing, compelling the prosecution to provide some kind of evidence that Mr. Kahn was in fact involved in any alleged conspiracy.


## II.

### THERE IS NO EVIDENCE DEMONSTRATING THAT MR. KAHN WAS INVOLVED WITH THE SALE OR DELIVERY OF COUNTERFEIT SOFTWARE

In its opposition, the government alleges that employees at RT and AES were in the business of selling illegal software.  But the government does not identify which employees it is referring to, nor does any of the evidence provided to the defense show or even imply that Mr. Kahn was involved in the sale of any illegal software.  The prosecution also alleges that Mr. Kahn "participated in delivering the stolen software," but failed to provide the defense with any evidence to that effect.

The lack of evidence supporting all the above allegations can only arise from two possibilities, either the government's allegations are false, or it has failed to fully disclose

2

discovery materials to the defense.  The best way to explain the lack of evidence would be to hold the James Hearing requested by the defense.

### III.

**HOLDING A JAMES HEARING IS APPROPRIATE IN THIS CASE AND WOULD NOT UNDULY LENGTHEN THE MATTER**

The prosecution cites United States v. Watkins, 600 F.2d 201 (9th Cir., 1995) to support the contention that the Court may admit co-conspirator statements conditionally, but neglects to identify the standard for admitting those statements.  The court in Watkins stated that statements of co-conspirators can be admitted only when "'independent proof of the existence of the conspiracy and of the connection of the declarant and the defendant to it' [citation] . . . [t]he trial judge makes the initial determination whether a sufficient foundation has been established to make the declarations admissible [citation]."  Watkins, 600 F.2d at 204.

As discussed above, there is a total lack of evidence connecting Mr. Kahn to any conspiracy. Based on the discovery produced so far, the prosecution cannot honestly maintain that there is "independent proof" that a conspiracy existed and that Mr. Kahn was part of it.  Absent such proof, it would be inappropriate for this Court to admit those statements, even if done so conditionally, without first holding a James Hearing.  Such a hearing would prevent Mr. Khan from being unduly prejudiced by statements that are inadmissible.

The government also cited United States v. Medina, 761 F.2d 12 (1st Cir. 1985), a First Circuit case which has never been cited by the Ninth Circuit.  The language in Medina cited by the prosecution is derived from a line of First Circuit cases, in particular United States v. Petrozziello, 548 F.2d 20 (1st Cir. 1997), which held that "if it is more likely than not that the

3

declarant and the defendant were members of a conspiracy when the hearsay statement was made, and that the statement was in furtherance of the conspiracy, the hearsay is admissible." Id at p. 23.

Unlike the facts in <u>Medina</u>, the prosecution in this case has failed to even meet the First Circuit's standard for admitting co-conspirator statements. The prosecution has neither shown that "the declarant and the defendant were members of a conspiracy," nor that the statements in question were made "in furtherance of the conspiracy." All the government has demonstrated is that Mr. Khan worked for Mr. Chaudhry and that he cashed checks and partially filled out some CTRs, all in the ordinary course of his employment. Merely demonstrating employment is inadequate to show the existence of a conspiracy. Thus, the Court must hold a hearing and ask the prosecution to make such a showing if it seeks to introduce otherwise inadmissible hearsay.

The prosecution also claims that holding a James Hearing would unduly lengthen the matter, but that is not the case. If the Court does not hold a James Hearing, then the Court will have to address the issue of admissibility during the jury trial. This inevitably would cause delay as the Court would have to frequently excuse the jury so that determinations of admissibility could be made outside their presence. The testimony would also be littered with objections and instructions by the Court, further slowing the trial and confusing the jury. It would be far quicker for the Court to hold a brief James Hearing before the jury is empaneled, allowing the Court and the attorneys to do their work free of interruption and procedural disputes. In the interest of saving time and judicial economy, the Court should address the admissibility of the statements in question as soon as possible.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.
## MR. CHAUDHRY'S POST-ARREST STATEMENTS WERE NOT MADE IN FURTHERANCE OF A CONSPIRACY AND THEREFORE ARE INADMISSIBLE

The prosecution argues that Chaudhry's post-arrest statements are admissible because they were in furtherance of the alleged conspiracy, apparently because he was attempting to conceal the conspiracy from his wife. This conclusion, however, is simply an incorrect interpretation of the law. In Hawkins v. Bunnell, 16 Fed. Appx. 656 (9th Cir. 2001), which the prosecution relies on, the defendant had lied to an investigator regarding the alleged crime. Id at p. 658. The court held that the defendant's statement to the investigator was in furtherance of the conspiracy because by concealing the conspiracy, the conspiracy was allowed to remain ongoing. Id.

Here, Chaudhry's statement was not made in furtherance of the conspiracy. Chaudhry was speaking to his wife, not the authorities. Concealing the alleged conspiracy from his wife could not possibly help keep the conspiracy going. In fact, the prosecution has neither provided any evidence to show nor alleged that the conspiracy continued after Chaudhry's arrest. Therefore, his post-arrest statements are inadmissible hearsay.

## CONCLUSION

Due to the lack of evidence demonstrating Mr. Kahn's involvement in any conspiracy, this Court should hold a pretrial evidentiary hearing to determine the admissibility of the statements of Mr. Kahn's alleged co-conspirators. Even assuming the existence of a conspiracy,

the statements in question are still inadmissable hearsay, as they were not made during or in furtherance of a conspiracy.

**Dated: May 7, 2008**                              **Respectfully submitted,**


_____/s/_____
**SETH P. CHAZIN**
**Attorney for ALI KHAN**

6

| SHORT TITLE: UNITED STATES VS. CHAUDRY AND KAHN | CASE NUMBER: CR-03-40210-SBA |
|---|---|

**PROOF OF SERVICE**

1.     I served the attached [ x ]DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR JAMES HEARING [   ]
Subpoena Duces Tecum by FAXING a copy of the opposition to notice of related case to the following person:

     a.  Persons served (name): KIRSTIN AULT (415) 436-7234
                            ERIK BABCOCK (510) 452-8405
     b.  Address where served:

     c.  Date of delivery: 5/7/08
     d.  Time of delivery:

2.     I received this subpoena for service on (date):

3.     [   ] NON-SERVICE RETURN OF SUBPOENA
     a. [   ]     After due search, careful inquiry, and diligent attempts at the dwelling house or usual place or abode or usual place of business.  I have been
                  unable to make personal ddivery of this [   ] Subpoena [   ] Subpoena Duces Tecum on the county on the following persons (specify):

     b.  Reason:

     (1) [   ] Unknown at address:  (4) [   ]
     (2) [   ] Moved, forwarding address unknown.
     (3) [   ] No such address.      (6) [   ]

                  Out-of-county address.
                  (5) [   ]        Unable to serve by hearing
                             date.
                  Other reasons (explanation required):

4.     Person serving:
     a. [ X ] Not a registered California process server.

     b. [   ] California sheriff, marshal, or constable.

     c. [   ] Registered California process server.

     d. [   ] Employee or independent contractor of a

           registered California process server.

                  e   [   ]        Exempt from registration
                             under
                             Bus. & Prof. Code section
                             22350(b).
                  f.   Name, address, and telephone number
                      and, if
                      applicable,  county of registration and
                      number:

     I declare under penalty of perjury under the laws of the State
of California that the foregoing is true and correct

                  (For California sheriff, marshall, or constable use only)
                  I certify that the foregoing is true and correct:

Date: 5/7/08

                  Date:

>_____

              (SIGNATURE)

                  >_____
                  ___
                            (SIGNATURE)