JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

THOMAS MOORE (ASBN 4305-O78T)
KIRSTIN M. AULT (CSBN 206052)
Assistant United States Attorney

   450 Golden Gate Ave., Box 36055
   San Francisco, CA 94102
   Telephone: (415) 436-7017, 6940
   Facsimile: (415) 436-6748

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>MOHAMMAD YOUSUF CHAUDHRY,<br>and<br>ALI H. KHAN,<br>    Defendants. | No. CR 03-40210 SBA<br><br>**GOVERNMENT'S REVISED PROPOSED JURY INSTRUCTIONS**<br><br>Pretrial:    May 19, 2008<br>Trial Date:  June 2, 2008<br>Time:      8:30 a.m.<br>Court:     Courtroom No. 3<br>Hon. S. Brown Armstrong |

     The United States requests and submits the following revised proposed jury instruction to replace the instruction entitled Structuring Transactions For The Purpose of Evading a Reporting Requirement (31 U.S.C. § 5324(a)(3)), which the parties submitted on August 15, 2006 in their Joint Proposed Jury Instructions. The United States also requests that the Court not give instruction 5.6 Knowingly- Defined from the Ninth Circuit Manual of Model Criminal Jury Instructions, 2003 Edition as amended through August 2006, which the parties also submitted with their Joint Proposed Jury Instructions on August 15, 2006.

     These changes are necessary as the August 10, 2006, Joint Proposed Jury Instructions include the statutory willfulness requirement which Congress deleted for structuring offenses in response

to the Supreme Court's decision in *Ratzlaf v. United States*, 510 U.S. 135, 136-37, 114 S. Ct. 655 (1994) (holding that the government must prove not only the defendant's purpose to evade a financial institution's reporting requirements, but also the defendant's knowledge that structuring itself was unlawful). See Act of Sept. 23, 1994, Pub. L. No. 103-325, § 411, 108 Stat. 2160, 2253, codified at 31 U.S.C. §§ 5322(a) & (b), 5324(c); see also *United States v. Hurley*, 63 F.3d 1, 14 n.2 (1st Cir. 1995), cert. denied, 116 S. Ct. 1322 (1996). The amendments restore the Congressional intent that a defendant need only have the intent to evade the reporting requirement as the sufficient *mens rea* for the offense. The prosecution would need to prove that there was an intent to evade the reporting requirement, but would not need to prove that the defendant knew that structuring was illegal. However, a person who innocently or inadvertently structures or otherwise violates section 5324 would not be criminally liable. H.R. Conf. Rep. No. 652, 103d Cong., 1st Sess. 147, 194 (1994), reprinted in 1994 U.S.S.C.A.N. 1977, 2024. See *United States v. Pang*, 362 F.3d 1187, 1193 (9th Cir. 2004); *Blakely v. United States*, 276 F.3d 853, 875 note 10 (6th Cir. 2002);*United States v. London*, 66 F.3d 1227, 1245 (1st Cir. 1995), cert. denied, 116 S. Ct. 1542 (1996).

                                            Respectfully submitted,

                                            JOSEPH P. RUSSONIELLO
                                            United States Attorney

                                            /s/ Thomas Moore
                                            THOMAS MOORE
                                            KIRSTIN M. AULT
                                            Assistant United States Attorneys

**STRUCTURING TRANSACTIONS FOR
THE PURPOSE OF EVADING A REPORTING REQUIREMENT**
(31 U.S.C. § 5324(a)(3))

The defendants are charged in Counts Seven through Seventeen of the indictment with Structuring Transactions For the Purpose of Evading a Reporting Requirement, in violation of Section 5324(a)(3) of Title 31 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant structured or attempted to structure a transaction for the purpose of evading the currency transaction reporting requirements; and

*Second*, that the transaction involved one or more domestic financial institutions.

**Source: 31 U.S.C. § 5313(a); Seventh Circuit Federal Jury Instructions Criminal (1999).**